NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROGER O. PUSEY, | Hon. Faith S. Hochberg |
| Petitioner, | Civil No. 13-3416 (FSH) |
| v. | **OPINION** |
| OSCAR AVILES, et al, | Date: January 29, 2014 |
| Respondents. | |

APPEARANCES:

**ROGER O. PUSEY**
262756
5 South
Hudson County Correctional Center
35 Hackensack Ave.
Kearny, NJ 07032

**HOCHBERG**, District Judge

  Petitioner Roger O. Pusey, an immigration detainee confined at the Hudson County Correctional Center in Kearny, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241,[1] challenging his mandatory detention during his immigration removal proceedings. The sole respondent is Oscar Aviles. Because it appears from review of the Petition that Petitioner is not entitled to the relief he seeks at this time, the Court will deny the petition without prejudice.

---

1 Section 2241 provides in relevant part: "(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions … (c) The writ of habeas corpus shall not extend to a prisoner unless …(3) He is in custody in violation of the Constitution or laws or treaties of the United States…."

1

## I. BACKGROUND

Petitioner, a native of Jamaica, who, at the time of filing the petition, had been detained for approximately nine months awaiting the resolution of his removal proceedings. Petitioner came to the United States as a Lawful Permanent Resident on June 29, 1990. He received a burglary conviction and an assault conviction on May 11, 2004 and was sentenced to six years of incarceration for the former, two years of incarceration for the latter conviction. Then, on August 23, 2004, he was convicted of larceny and failure to appear, receiving two concurrent 30 day terms of imprisonment for each.

He was subsequently taken into custody by U.S. Immigration and Customs Enforcement ("ICE") on August 9, 2012. Petitioner now files this petition challenging his ongoing mandatory detention because he was not taken into immigration custody immediately upon release from criminal incarceration related to a removable offense.

## II. DISCUSSION

### A. Legal Standard

Federal law sets forth the authority of the Attorney General to detain aliens in removal proceedings, both before and after issuance of a final order of removal. Title 8 U.S.C. § 1226 governs pre-removal-order detention of an alien. Section 1226(c) authorizes the Attorney General to arrest, and to detain or release, an alien, pending a decision on whether the alien is to be removed from the United States, except as provided in subsection (c). Section 1226(a) provides, in relevant part:

> (a) Arrest, detention, and release
>
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except

as provided in subsection (c) of this section and pending such decision, the Attorney General-

(1) may continue to detain the arrested alien; and

(2) may release the alien on-

(A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

(B) conditional parole; …

8 U.S.C. § 1226(a).

Certain criminal aliens, however, are subject to mandatory detention pending the outcome of removal proceedings, pursuant to 8 U.S.C. § 1226(c)(1), which provides in relevant part:

> The Attorney General shall take into custody any alien who—
>
> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
>
> (B) is deportable by reason of having committed any offense covered in Section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
>
> (C) is deportable under section 1227(a)(2)(i) of this title on the basis of an offense for which the alien has been sentence[d] to a term of imprisonment of at least 1 year, or
>
> (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title or deportable under section 1227(a)(4)(B) of this title,
>
> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1).

"Post-removal order" detention is governed by 8 U.S.C. § 1231(a). Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90-day "removal period." The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.

> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). "An order or removal made by the immigration judge at the conclusion of proceedings … shall become final … [u]pon dismissal of an appeal by the Board of Immigration Appeals." 8 C.F.R. § 1241.1(a). During the removal period, "the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2). Section 1231(a)(6) permits continued detention if removal is not effected within 90 days. However, the Supreme Court has held that such post-removal-order detention is subject to a temporal reasonableness standard. Specifically, once a presumptively-reasonable six-month period of post-removal-order detention has passed, a detained alien must be released if he can establish that his removal is not reasonably foreseeable. *See Zadvydas v. Davis*, 533 U.S. 678 (2001).

**B. Analysis**

Petitioner challenges his detention pursuant to pre-removal proceedings under 8 U.S.C. § 1226(c) because he was not taken into ICE custody immediately upon completion of his criminal sentence for a removable offense.

As set forth above, an alien is subject to mandatory detention and subsequently removal or deportation from the United States when he/she:

> … is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(iii), (B), (C), or (D) of this title…when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1)(B).

The United States Court of Appeals for the Third Circuit recently addressed this issue in *Sylvain v. Attorney Gen. of U.S.*, 714 F.3d 150 (3d Cir. 2013). In that case, the court held that "[e]ven if [8 U.S.C. § 1226(c)] calls for detention 'when the alien is released,' and even if 'when' implies something less than four years, nothing in the statute suggests that immigration officials lose authority if they delay. *See Sylvain*, 714 F.3d at 157. Therefore, the argument that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1226(c) because ICE did not take him into custody immediately upon his release from incarceration for his removable offense, must fail. *See id.*

In addition, the Court observes that Petitioner does not assert a claim of unreasonably prolonged detention in violation of the Due Process Clause under *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011) (finding that Diop's nearly three-year detention was unconstitutionally unreasonable and, therefore, a violation of due process). In *Diop*, the Third Circuit concluded that the mandatory detention statute, § 1226(c), implicitly authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community. 656 F.3d at 231. Specifically, the Third Circuit found that the 35-month mandatory detention of Diop was unreasonable partly because the immigration judge had committed "numerous errors" that caused the BIA to remand the case three times. *Id*. at 224-26, 234-35.

Nevertheless, the Third Circuit has not set a "universal point" when mandatory detention under § 1226(c) is unreasonable. *See Leslie v. Attorney Gen.*, 678 F.3d 265, 270-71 (3d Cir. 2012) (ultimately finding that Leslie's four-year detention under § 1226(c) was unreasonable

5

because it had been prolonged by the alien's successful appeals, and petitioner should not be punished by continued detention for having pursued these "bona fide" legal remedies).

In this case, at the time that this opinion is written, the time frame in which Petitioner has been detained is far short of the lengthy detention period of 35 months which was found to be unreasonable by the Third Circuit in *Diop*, and the four-year period of detention found to be unreasonable in *Leslie*. Petitioner here has not shown that his mandatory detention until this time is a violation of the Due Process Clause. Petitioner here has not shown that his time spent in mandatory detention prior to the filing of the instant Petition was in violation of the Due Process Clause. Accordingly, the Court dismisses the petition without prejudice to Petitioner bringing a new and separate action under either *Diop or Zadvydas* (holding that post-removal-period detention is six months) in the event that the facts and circumstances of Petitioner's custody and detention by ICE should change in the future.[2]

## III. CONCLUSION

For the foregoing reasons, the Court denies Petitioner's application for habeas relief pursuant to 28 U.S.C. § 2241. However, denial is without prejudice to the filing of another § 2241 petition should Petitioner's detention become unreasonable. An appropriate Order follows.

s/ Faith S. Hochberg
**Hon. Faith S. Hochberg, U.S.D.J.**

---

2  The Court further notes that should a final order of removal be entered against Petitioner, the basis of his detention changes, and Petitioner would be subject to mandatory detention under 8 U.S.C. § 1231(a)(2), for a 90-day removal period. After the 90-day removal period expires, the Government may continue to detain Petitioner pending removal or release Petitioner under supervision. 8 U.S.C. § 1231(a)(6). However, this post-removal-period detention provision contains an implicit reasonableness limitation, which the Supreme Court has held to be a presumptive limit of six months. *Zadvydas*, 533 U.S. at 701.